IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WITRICITY CORPORATION,

        Plaintiff

v.

INDUCTEV, INC.,

        Defendant

## COMPLAINT

Plaintiff WiTricity Corporation ("WiTricity" or "Plaintiff"), for its complaint against Defendant InductEV, Inc. ("InductEV" or "Defendant"), hereby alleges as follows:

## PARTIES

1. Plaintiff WiTricity is a Delaware corporation having a principal place of business at 57 Water Street, Watertown, MA 02472.

2. Upon information and belief, Defendant InductEV was formerly Momentum Dynamics Corporation prior to a name change in 2022 and is a Delaware corporation having a principal place of business at 660 Allendale Rd., King of Prussia, PA 19406. Upon information and belief, Defendant InductEV develops wireless charging systems for automotive and transportation industries in the United States.

3. Upon information and belief, Defendant InductEv maintains a website at www.inductev.com that commercializes the accused technology by offering the technology for sale and development throughout the United States, including this District.

## NATURE OF THE ACTION

4. This is a civil action for infringement by InductEV of U.S. Patent Nos. 8,461,719 (the "'719 Patent"); 10,027,184 (the "'184 Patent"); 8,912,687 (the "'687 Patent"); and 8,466,654 (the "'654 Patent") (collectively, the "Patents-in-Suit"). This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and arises from InductEV's installations or proposed installations of wireless charging systems.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because Defendant is subject to general and specific jurisdiction in the State of Pennsylvania. Defendant is subject to personal jurisdiction at least because Defendant maintains its principal place of business within this State and District and upon information and belief has committed acts of infringement within this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1331 and 1400(b) at least because upon information and belief, InductEV has committed acts of infringement in this District and has a regular and established place of business in this District.

## THE PATENTS-IN-SUIT

8. On June 11, 2013, the '719 Patent, titled "Wireless Energy Transfer Systems," was duly and lawfully issued by the United States Patent and Trademark Office. WiTricity is the owner by assignment of the '719 Patent. A true and correct copy of the '719 Patent is attached as Exhibit 1.

9. On July 17, 2018, the '184 Patent, titled "Foreign Object Detection In Wireless Energy Transfer Systems," was duly and lawfully issued by the United States Patent and Trademark Office. WiTricity is the owner by assignment of the '184 Patent. A true and correct copy of the '184 Patent is attached as Exhibit 2.

10. On December 16, 2014, the '687 Patent, titled "Secure Wireless Energy Transfer For Vehicle Applications," was duly and lawfully issued by the United States Patent and Trademark Office. WiTricity is the owner by assignment of the '687 Patent. A true and correct copy of the '687 Patent is attached as Exhibit 3.

11. On June 18, 2013, the '654 Patent, titled "Wireless High Power Transfer Under Regulatory Constraints," was duly and lawfully issued by the United States Patent and Trademark Office. Qualcomm Inc. was the original owner by assignment of the '654 Patent, and on February 18, 2019, Qualcomm assigned its full right, title, and interest in and to the '654 Patent to WiTricity, which is the owner of the '654 Patent. A true and correct copy of the '654 Patent is attached as Exhibit 4.

## BACKGROUND

12. WiTricity was founded in 2007 based on novel technology for wireless power transfer. The technology, invented and patented initially by a team of physicists from the Massachusetts Institute of Technology ("MIT") and subsequently improved upon by WiTricity engineers and scientists, is known as "highly resonant wireless power transfer." Highly resonant wireless power transfer enables the transfer of power from one device to another at high efficiency and over an increased distance. Highly resonant wireless power transfer is the foundational technology underlying resonant-based systems

for wireless charging of electric vehicles, including, upon information and belief, InductEV's systems.

13. WiTricity continues to develop and patent the core technology necessary for wireless charging of electric vehicles, as well as acquire additional intellectual property building upon WiTricity's foundational technology. WiTricity now controls more than 1,300 issued patents worldwide.

## ACTS GIVING RISE TO THIS ACTION

14. InductEV has multiple government contracts to install their infringing wireless inductive charging system, which, *inter alia*, includes: 200kW bus ground side transmitters, 200kW vehicle on-board charging receivers, vehicle adjunctive equipment (e.g., LCD panels and alignment indicators, etc.), and power electronics panels (collectively, "Inductive Charging System").[1] Furthermore, InductEV's website states that "we provide high-powered electric charging" to "keep your commercial fleet and transit vehicles fully powered, 24x7, with wireless charging."[2] The InductEV website further states that the products InductEV offers include a "ground assembly" to "transfer power from the grid to the in-ground wireless charging modular ground pads to communicate with vehicle to easily charge"; a "vehicle assembly" that will "receive the wireless energy from the ground charging coils and transfers it to the vehicle battery"; and "cloud-based analytics" for "real-time monitoring, and insights for optimal smart charging strategies with software in the cloud."[3]

---

[1] *See* InductEV's Martha's Vineyard, MA Wireless Charger Proposal; InductEV's Albuquerque, NM Wireless Charger Proposal.
[2] https://www.inductev.com. (last accessed Mar. 8, 2023).
[3] *Id.* (last accessed Mar. 8, 2023).

15.     Upon information and belief, InductEV has installed or proposed to install its wireless electric vehicle charging systems on various public bus networks, including in Martha's Vineyard, Massachusetts[4], Chattanooga, Tennessee[5], Wenatchee, Washington,[6] Albuquerque, New Mexico[7], Indianapolis, Indiana,[8] Kansas City, Kansas,[9] Solano County, California,[10] Bremerton, Washington.[11] InductEV's website claims that the company has more than twelve customers in service, with at least 63 ground assemblies and at least 95 vehicles in operation.[12]

## COUNT I - INFRINGEMENT OF THE '719 PATENT

16.     Upon information and belief, InductEV has infringed and continues to infringe one or more claims of the '719 Patent, including but not limited to exemplary claim 1, pursuant to 35 U.S.C. § 271(a), at least by without authority making, using, offering to sell, and/or selling the InductEV Charger within the United States. Attached hereto as Exhibit 5, and incorporated herein by reference, is a claim chart detailing the

---

[4] https://www.prnewswire.com/news-releases/one-of-americas-largest-electric-bus-fleets-reveals-operating-costs-of-ev-buses-using-wireless-chargers-from-momentum-dynamics-is-half-of-a-diesel-fueled-bus-301570760.html. (last accessed Mar. 8, 2023).

[5] https://www.prnewswire.com/news-releases/one-of-americas-largest-electric-bus-fleets-reveals-operating-costs-of-ev-buses-using-wireless-chargers-from-momentum-dynamics-is-half-of-a-diesel-fueled-bus-301570760.html. (last accessed Mar. 8, 2023).

[6] *Id.* (last accessed Mar. 8, 2023).

[7] InductEV's Albuquerque, NM Wireless Charger Proposal.

[8] https://www.prnewswire.com/news-releases/one-of-americas-largest-electric-bus-fleets-reveals-operating-costs-of-ev-buses-using-wireless-chargers-from-momentum-dynamics-is-half-of-a-diesel-fueled-bus-301570760.html. (last accessed Mar. 8, 2023).

[9] https://www.prnewswire.com/news-releases/momentum-dynamics-will-deliver-200-kw-wireless-charging-systems-for-marthas-vineyard-transit-buses-300722663.html. (last accessed Mar. 8, 2023).

[10] https://bus-news.com/us-soltrans-deploys-electric-highway-bus-and-wireless-charger/

[11] https://www.kitsaptransit.com/uploads/pdf/news-releases/20220519release_silverdale-transit-center-groundbreaking-ceremony.pdf. (last accessed Mar. 8, 2023).

[12] https://www.inductev.com/. (last accessed Mar. 8, 2023).

correspondence between the InductEV wireless charging systems and claim 1 of the '719 Patent.

17. InductEV has been on notice of infringement of the '719 Patent since at least as early as June 4, 2015, when WiTricity sent a letter to InductEV under its prior name, Momentum Dynamics, seeking to open licensing discussions and stated that Momentum Dynamics had been infringing WiTricity's patents. In the alternative, InductEV has been on notice of infringement of the '719 Patent since at least as early as November 16, 2020, when WiTricity renewed its request for licensing discussions and restated that Defendant had been infringing WiTricity's patents. In the alternative, InductEV has been on notice of the '719 Patent since at least as early as the service of this Complaint. InductEV's continued actions of making, using, offering to sell, and/or selling its product within the United States after receiving notice, would be with Defendant's knowledge of the '719 Patent, knowledge of infringement of the '719 Patent, intent to encourage others (e.g., its customers) to infringe the '719 Patent, and knowledge that Defendant's encouraging acts actually result in direct infringement of the '719 Patent by InductEV's customers.

18. Upon information and belief, InductEV, in violation of 35 U.S.C. § 271(b), has indirectly infringed and continues to indirectly infringe at least claim 1 of the '719 Patent by actively inducing others to use, make, sell, and/or offer for sale the InductEV Inductive Charging System in an infringing manner, knowing such acts would constitute infringement of the '719 Patent. InductEV's customers who use, make, sell, and/or offer for sale, the InductEV Inductive Charging System in accordance with InductEV's instructions infringe at least claim 1 of the '719 Patent, in violation of 35 U.S.C. § 271(a).

19. Upon information and belief, InductEV actively instructs, encourages, and/or aids such infringement through various activities, including by instructing and training its customers to use the InductEV's Inductive Charging System in a manner consistent with one or more claims of the '719 Patent, through descriptions on InductEV's website and upon information and belief through product documentation.

20. Upon information and belief, InductEV, in violation of 35 U.S.C. § 271(c), has indirectly infringed and continues to indirectly infringe at least claim 1 of the '719 Patent by contributing to its customers' use, making, selling, and/or offer for sale the InductEV Inductive Charging System in an infringing manner, knowing that those products are especially made or especially adapted to practice one or more of the claims of the '719 Patent. InductEV's customers who make, use, sell, and/or offer for sale the InductEV Inductive Charging System in accordance with InductEV's instructions infringe at least claim 1 of the '719 Patent, in violation of 35 U.S.C. § 271(a).

21. Upon information and belief, InductEV contributes to infringement by providing to its customers the InductEV Inductive Charging System or components thereof and instructing them how to assemble, install, make, and/or use the InductEV Inductive Charging System, knowing that those products are especially made or adapted for use in infringement of the '719 Patent.

22. The InductEV Inductive Charging System is not a staple article of commerce.

23. The InductEV Inductive Charging System is not suitable for substantial noninfringing uses.

24. InductEV's infringement of the '719 Patent was and continues to be willful.

25. InductEV's actions render this an exceptional case under 35 U.S.C. § 285.

26. Plaintiff has been injured by InductEV's infringement of the '719 Patent and will suffer irreparable harm unless InductEV is enjoined from infringing the '719 Patent.

## COUNT II – INFRINGEMENT OF THE '184 PATENT

27. Upon information and belief, InductEV has directly infringed at least by using the claimed method in violation of 35 U.S.C. § 271(a), indirectly infringed in violation of 35 U.S.C. § 271(b), and continues to directly and indirectly infringe one or more claims of the '184 Patent, including but not limited to exemplary claim 16, at least by actively inducing others to use, make, sell, and/or offer for sale the InductEV Inductive Charging System in an infringing manner, knowing such acts would constitute infringement of the '184 Patent. InductEV's customers who use the InductEV Inductive Charging System in accordance with InductEV's instructions infringe at least claim 16 of the '184 Patent, in violation of 35 U.S.C. § 271(a). Attached hereto as Exhibit 6, and incorporated herein by reference, is a claim chart detailing the correspondence between the InductEV wireless charging system and claim 16 of the '184 Patent.

28. InductEV has been on notice of infringement of the '184 Patent since at least as early as November 16, 2020, when WiTricity renewed its prior request for licensing discussions and stated that Defendant had been infringing WiTricity's patents. In the alternative, InductEV has been on notice of the '184 Patent since at least as early as the service of this Complaint. InductEV's continued actions of making, using, offering to sell, and/or selling its product within the United States after receiving notice would be with Defendant's knowledge of the '184 Patent, knowledge of infringement of the '184 Patent,

intent to encourage others (e.g., its customers) to infringe the '184 Patent, and knowledge that Defendant's encouraging acts actually result in direct infringement of the '184 Patent by InductEV's customers.

29. Upon information and belief, InductEV actively instructs, encourages, and/or aids such infringement through various activities, including by instructing and training its customers to use the InductEV's Inductive Charging System in a manner consistent with one or more claims of the '184 Patent, through descriptions on InductEV's website and upon information and belief through product documentation.

30. Upon information and belief, InductEV, in violation of 35 U.S.C. § 271(c), has indirectly infringed and continues to indirectly infringe at least claim 16 of the '184 Patent by contributing to its customers' use of the InductEV Inductive Charging System in an infringing manner, knowing that those products are especially made or especially adapted to practice one or more of the claims of the '184 Patent, including the patented process of claim 16. InductEV's customers who use the InductEV Inductive Charging System in accordance with InductEV's instructions infringe at least claim 16 of the '184 Patent, in violation of 35 U.S.C. § 271(a).

31. Upon information and belief, InductEV contributes to infringement by providing to its customers the InductEV Inductive Charging System or components thereof and instructing them how to assemble, install, make, and/or use the InductEV Inductive Charging System, knowing that those products are especially made or adapted for use in infringement of the '184 Patent.

32. The InductEV Inductive Charging System is not a staple article of commerce.

33. The InductEV Inductive Charging System is not suitable for substantial noninfringing uses.

34. InductEV's infringement of the '184 Patent was and continues to be willful.

35. InductEV's actions render this an exceptional case under 35 U.S.C. § 285.

36. Plaintiff has been injured by InductEV's infringement of the '184 Patent and will suffer irreparable harm unless InductEV is enjoined from infringing the '184 Patent.

## COUNT III – INFRINGEMENT OF THE '687 PATENT

37. Upon information and belief, InductEV has infringed and continues to infringe one or more claims of the '687 Patent, including but not limited to exemplary claim 1, pursuant to 35 U.S.C. § 271(a), at least by without authority making, using, offering to sell, and/or selling the InductEV Inductive Charging System within the United States. Attached hereto as Exhibit 7, and incorporated herein by reference, is a claim chart detailing the correspondence between the InductEV wireless charging systems and claim 1 of the '687 Patent.

38. InductEV has been on notice of infringement of the '687 Patent since at least as early as June 4, 2015, when WiTricity sent a letter to InductEV under its prior name, Momentum Dynamics, seeking to open licensing discussions and stated that Momentum Dynamics had been infringing WiTricity's patents. In the alternative, InductEV has been on notice of infringement of the '687 Patent since at least as early as November 16, 2020, when WiTricity renewed its request for licensing discussions and stated that Defendant had been infringing WiTricity's patents. In the alternative, InductEV has been on notice of the '687 Patent since at least as early as the service of this Complaint. InductEV's continued actions

of making, using, offering to sell, and/or selling its product within the United States after receiving notice would be with Defendant's knowledge of the '687 Patent, knowledge of infringement of the '687 Patent, intent to encourage others (e.g., its customers) to infringe the '687 Patent, and knowledge that Defendant's encouraging acts actually result in direct infringement of the '687 Patent by InductEV's customers.

39. Upon information and belief, InductEV, in violation of 35 U.S.C. § 271(b), has indirectly infringed and continues to indirectly infringe at least claim 1 of the '687 Patent by actively inducing others to use, make, sell, and/or offer for sale the InductEV Inductive Charging System in an infringing manner, knowing such acts would constitute infringement of the '687 Patent. InductEV's customers who use, make, sell, and/or offer for sale, the InductEV Inductive Charging System in accordance with InductEV's instructions infringe at least claim 1 of the '687 Patent, in violation of 35 U.S.C. § 271(a).

40. Upon information and belief, InductEV actively instructs, encourages, and/or aids such infringement through various activities, including by instructing and training its customers to use the InductEV's Inductive Charging System in a manner consistent with one or more claims of the '687 Patent, through descriptions on InductEV's website and upon information and belief through product documentation.

41. Upon information and belief, InductEV, in violation of 35 U.S.C. § 271(c), has indirectly infringed and continues to indirectly infringe at least claim 1 of the '687 Patent by contributing to its customers' use, making, selling, and/or offer for sale the InductEV Inductive Charging System in an infringing manner, knowing that those products are especially made or especially adapted to practice one or more of the claims of the '687 Patent. InductEV's customers who make, use, sell, and/or offer for sale the InductEV

Inductive Charging System in accordance with InductEV's instructions infringe at least claim 1 of the '687 Patent, in violation of 35 U.S.C. § 271(a).

42. Upon information and belief, InductEV contributes to infringement by providing to its customers the InductEV Inductive Charging System or components thereof and instructing them how to assemble, install, make, and/or use the InductEV Inductive Charging System, knowing that those products are especially made or adapted for use in infringement of the '687 Patent.

43. The InductEV Inductive Charging System is not a staple article of commerce.

44. The InductEV Inductive Charging System is not suitable for substantial noninfringing uses.

45. InductEV's infringement of the '687 Patent was and continues to be willful.

46. InductEV's actions render this an exceptional case under 35 U.S.C. § 285.

47. Plaintiff has been injured by InductEV's infringement of the '687 Patent and will suffer irreparable harm unless InductEV is enjoined from infringing the '687 Patent.

**COUNT IV- INFRINGEMENT OF THE '654 PATENT**

48. Upon information and belief, InductEV has directly infringed at least by using the claimed method, in violation of 35 U.S.C. § 271(a), and has indirectly infringed, in violation of 35 U.S.C. § 271(b), and continues to directly and indirectly infringe one or more claims of the '654 Patent, including but not limited to exemplary claim 13, at least by actively inducing others to use, make, sell, and/or offer for sale the InductEV Inductive Charging System in an infringing manner, knowing such acts would constitute

infringement of the '654 Patent. InductEV's customers who use the InductEV Inductive Charging System in accordance with InductEV's instructions infringe at least claim 13 of the '654 Patent, in violation of 35 U.S.C. § 271(a). Attached hereto as Exhibit 8, and incorporated herein by reference, is a claim chart detailing the correspondence between the InductEV wireless charging system and claim 13 of the '654 Patent.

49. InductEV has been on notice of infringement of the '654 Patent since at least as early as November 16, 2020, when WiTricity renewed its prior request for licensing discussions and stated that Defendant had been infringing WiTricity patents. In the alternative, InductEV has been on notice of the '654 Patent since at least as early as the service of this Complaint. InductEV's continued actions of making, using, offering to sell, and/or selling its product within the United States after receiving notice would be with Defendant's knowledge of the '654 Patent, knowledge of infringement of the '654 Patent, intent to encourage others (e.g., its customers) to infringe the '654 Patent, and knowledge that Defendant's encouraging acts actually result in direct infringement of the '654 Patent by InductEV's customers.

50. Upon information and belief, InductEV actively instructs, encourages, and/or aids such infringement through various activities, including by instructing and training its customers to use the InductEV's Inductive Charging System in a manner consistent with one or more claims of the '654 Patent, through descriptions on InductEV's website and upon information and belief through product documentation.

51. Upon information and belief, InductEV, in violation of 35 U.S.C. § 271(c), has indirectly infringed and continues to indirectly infringe at least claim 13 of the '654 Patent by contributing to its customers' use of the InductEV Inductive Charging System in

an infringing manner, knowing that those products are especially made or especially adapted to practice one or more of the claims of the '654 Patent, including the patented process of claim 13. InductEV's customers who use the InductEV Inductive Charging System in accordance with InductEV's instructions infringe at least claim 13 of the '654 Patent, in violation of 35 U.S.C. § 271(a).

52. Upon information and belief, InductEV contributes to infringement by providing to its customers the InductEV Inductive Charging System or components thereof and instructing them how to assemble, install, make, and/or use the InductEV Inductive Charging System, knowing that those products are especially made or adapted for use in infringement of the '654 Patent.

53. The InductEV Inductive Charging System is not a staple article of commerce.

54. The InductEV Inductive Charging System is not suitable for substantial noninfringing uses.

55. InductEV's infringement of the '654 Patent was and continues to be willful.

56. InductEV's actions render this an exceptional case under 35 U.S.C. § 285.

57. Plaintiff has been injured by InductEV's infringement of the '654 Patent and will suffer irreparable harm unless InductEV is enjoined from infringing the '654 Patent.

**DEMAND FOR JURY TRIAL**

58. Plaintiff respectfully requests trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor on each and every claim set forth above and award it including, but not limited to, the following relief:

A. The entry of judgment that InductEV has directly and indirectly infringed the '719, '184, '687, and '654 Patents, and continues to do so;

B. The entry of a permanent injunction, enjoining InductEV and all persons acting in concert or participation with InductEV from further acts of direct and/or direct infringement of the '719, '184, '687, and '654 Patents;

C. Entry of judgment against InductEV, awarding Plaintiff damages adequate to compensate Plaintiff for InductEV's direct and/or indirect infringement of the '719, '184, '687, and '654 Patents, including any lost profits and for any continuing or future infringement through the date such judgment is entered, but in any case no less than a reasonable royalty for such infringement, as well as an award of pre-judgment interest and post-judgment interest, costs, and expenses, and an accounting and award of damages against InductEV for all future infringing acts occurring after the date such judgment is entered;

D. Entry of judgment as provided by 35 U.S.C. § 285 that this case is exceptional and an award granting Plaintiff reasonable attorneys' fees, expenses, and costs; and

E.      Entry of judgment in favor of Plaintiff granting any further or additional relief the Court deems just and proper.

Date: 3/20/2023                             ECKERT SEAMANS CHERIN & MELLOT, LLC

By: */s/ Frank R. Emmerich Jr.*
Frank R. Emmerich Jr., Esq.
Two Liberty Place
50 South 16th Street
Philadelphia, Pennsylvania 19102
(215) 851-8409
femmerich@eckertseamans.com

Attorneys for Plaintiff WiTricity Corporation

OF COUNSEL:

ALSTON & BIRD LLP

Michael S. Connor, NC State Bar 16152
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, NC  28280-4000
(704) 444-1000

Joseph M. Baillargeon, D.C. Bar 1780380
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
(202) 239-3300